AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court

DISTRICT OF

UNITED STATES OF AMERICA
V.
RAFAEL DIAZ
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number: CR06-137ML

In accordance with the Bail Reform Act, 18 U.S.C. 3142(f)(1) a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. 3142(f)(1) and has been convicted of a (federal offense) (state or local offens that would have been a federal offense is a circumstance giving rise to federal jurisdiction had existed) that is

- ☐ a crime of violence as defined in 18 U.S.C 3156(a)(4).
- ☐ an offense for which the maximum senetence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense

☐ (3) A period of not more than five years has elasped since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1)

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☑ (1) There is probable cause to believe that the defendant has committed an offense

- ☑ for which maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. Secs. 841(a)(1)&(b)(1)(B)&(b)(1)(C)
- ☐ under 18 U.S.C. 924(c)

☑ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence)(a preponderance of the evidence) that

SEE ATTACHED REASONS FOR DETENTION.

### Part III - Directions Regarding Detention

Thedefendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility seperate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshall for the purpose of an appearance in connection with a court proceeding.

Dated: 11-28-06

David L Martin
*Signature of Judicial Officer*

DAVID L. MARTIN, UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 801 *et seq*); (b) Controlled substances Import and Export Act (21 U.S.C. 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. 955a).

This form was electronically produced by U.S. Attorney's Office in Rhode Island

UNITED STATES v. RAFAEL DIAZ Cr. No. 06-137ML

**REASONS FOR DETENTION**

The Defendant was arraigned on November 20, 2006. The indictment establishes probable cause to believe that the defendant, RAFAEL DIAZ, did knowingly and intentionally possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§841 (a)(1) & (b)(1)(B) (Count 1) and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§841 (a)(1) & (b)(1)(C) (count 2).

I find that the statutory presumptions that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community have not been rebutted. The charged offenses are drug offenses. The Defendant has waived a detention hearing at this time, but reserved the right to file for a hearing in the future. At the time of the offense the Defendant was on probation. The Defendant has a lengthy criminal record replete with instances of failing to appear before the Court and the Defendant has violated previous sentencing terms. The Defendant has at least four prior felony convictions, some of which are for drug offenses. From the year 2000 through 2006 the Defendant had at least six convictions for driving without a license. This shows a disregard for the requirements of the law. The defendant lacks an employment

history. Although the Defendant has ties to the District of Rhode Island this does not outweigh the negatives. The Defendant is detained.

David L. Martin

**DAVID L. MARTIN**
**UNITED STATES MAGISTRATE JUDGE**

Date 11-22-06