UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-0137ML |
| | ) | |
| RAFAEL DIAZ | ) | |

# MOTION FOR SENTENCE CONSIDERATION

Now comes Rafael Diaz, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the appropriate information present in this case, the Court should conclude that the mandatory minimum sentence is sufficient to comply with 18 U.S.C. § 3553(a). Mr. Diaz requests the Court impose the minimum sentence of 10 years in prison.

Respectfully submitted
Rafael Diaz
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

## CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Zechariah Chafee, Assistant United States Attorney, on May 11, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-0137ML |
| | ) | |
| RAFAEL DIAZ | ) | |

---

## MEMORANDUM IN SUPPORT OF SENTENCING

### I. Introduction

Mr. Diaz respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Diaz submits this memorandum in support of his Motion for Sentencing Consideration. Mr. Diaz requests the Court to impose the minimum mandatory sentence in this matter of 10 years incarceration. The proposed sentence adequately addresses society's needs of punishment and deterrence without being longer than necessary.

### II. Procedural Background

Pursuant to a search warrant, government agents went to Mr. Diaz's home on October 13, 2006. Agents seized approximately 106 grams of cocaine base and 150 grams of cocaine powder, as well as cash. The State of Rhode Island has held Mr. Diaz in custody at the ACI since his arrest. The Federal government obtained this indictment against Mr. Diaz on November 15, 2006. Mr. Diaz appeared in court for initial appearance on November 20, 2006. Mr. Diaz pled guilty to these charges on February 22, 2007, and sentencing is scheduled for May 18, 2007.

### III. Sentencing Considerations

#### A. General

The Court is bound in its sentencing considerations by 18 U.S.C. § 3553(a). The statute, §

3553(a), requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the sentencing guidelines. *Cf., United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).[2] If the Court feels a sentence below the guidelines supports the purposes of sentencing then the Court must impose that particular sentence. Despite the guidelines consideration, the sentencing judge is in the best position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[3]

---

[1] The statute provides, in pertinent part, that:

"the court consider the need for the sentence imposed-

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

[2] The precise meaning of the provision, however, is difficult to discern. *See United States v. Navedo-Concepcion*, 450 F.3d 54, 58-59 (1st Cir. 2006) (pointing out that most of the purposes of sentencing weigh negatively toward a defendant and that "there is no mathematical algorithm for the perfect sentence.").

[3]Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period; the sentencing court must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d

B. Personal Background

Mr. Diaz was born in Puerto Rico and lived there with his parents and sister. His family moved to Providence in 1994 and has remained close; Mr. Diaz lived on the second floor of his parents multi-family home. His entire family realizes the impact Mr. Diaz's absence will create while he is incarcerated.

Mr. Diaz suffers from significant medical, mental health, and substance abuse issues. All of these issues are detailed in the PSR. Despite the mitigating prominence, the statutory mandatory minimum sentence prevents the Court from fully considering these issues when determining the appropriate sentence. Mr. Diaz requests that the Court recommend that the BOP place him in an institution equipped to provide him the proper treatment in each of these areas. Additionally, Mr. Diaz has started taking GED classes while held at the ACI. He wants to continue his education while incarcerated with the BOP.

C. Criminal History

While Mr. Diaz has a significant criminal record as an adult based on the number of contacts with the criminal justice system, the Court should note that he has never faced a sentence of this magnitude. Many of his convictions are misdemeanors. Nothing in Mr. Diaz's criminal history warrants a sentence above the mandatory minimum.

D. Nature of the Offense

Drug trafficking is always a serious crime. Likewise, 10 years in prison is always a severe sentence. Nothing in the facts surrounding this offense indicates that a sentence longer than 10 years would be appropriate.

IV. The Minimally-Sufficient Sentence

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve <u>greater</u> justice, deterrence, incapacitation, or rehabilitation. The proposed sentence well achieves the goals of deterrence, incapacitation, and respect for the law, and also provides more than adequate time for Mr. Diaz to receive the necessary rehabilitative services.

---

at 525 (Lipez, J., dissenting) (emphasis added).

Any longer sentence will only frustrate the rehabilitative goal and serve to simply warehouse Mr. Diaz at government expense without purpose. As a whole, the facts and circumstances present here warrant the imposition of no more than the mandatory minimum sentence of 10 years in prison.

V. Conclusion

For all of these reasons, Mr. Diaz asks the Court to impose a sentence of 10 years in prison.

Respectfully submitted
Rafael Diaz
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Zechariah Chafee, Assistant United States Attorney, on May 11, 2007.

/s/ Kevin J. Fitzgerald